MERRITT–CHAPMAN & SCOTT CORPO-
RATION v. UNITED STATES et al.
THE W. S. A. II.
No. 216, Docket 21275.

United States Court of Appeals
Second Circuit.
April 25, 1949.

Haight, Deming, Gardner, Poor & Havens, of New York City (Henry M. Hewitt, of New York City, of counsel), for libellant-appellee.

Purdy, Lamb & Catoggio, of New York City (Vincent A. Catoggio, Jr., of New York City, of counsel), for the United States.

John P. McGrath, Corp. Counsel, of New York City (Edwin M. Bourke, of New York City, of counsel), for respondent-appellant, City of New York.

Before CHASE, CLARK and FRANK, Circuit Judges.

PER CURIAM.

The City of New York has appealed from an interlocutory decree holding it solely liable for damage to the superstructure of the libellant's derrick Commander when it came into contact with the rotary span of the City's drawbridge over the Harlem River at 207th Street. The damage was caused while it was being towed through the west channel of the draw by a tug owned by the United States and supplied by The McAllister Lighterage Line, Inc., pursuant to an arrangement it had with the libellant. The McAllister Lighterage Line, Inc., is but nominally an appellee, the libel against it having been dismissed on consent.

There was evidence which, if believed, was ample to show that the damage was caused by the negligence of the bridge tender in allowing the rotary span to swing over against the derrick. There was other evidence which, if believed, was sufficient to show that the cause of the damage was the negligence of the tug in towing the derrick against the center abutment of the bridge and thereby causing it to list so that its superstructure hit the rotary span while the latter was at rest where, and as, it should have been when the draw was open.

The record, therefore, presents but a question of fact. It was resolved against the appellant after the trial judge had seen and heard the witnesses. As we tried to make clear in Petterson Lighterage & T. Corp. v. New York Central R. Co., 2 Cir., 126 F.2d 992, we give effect to findings in admiralty when they are not shown to be clearly erroneous. These findings have no such infirmity and they do support the decree.

Affirmed.